JOHNSON, J.,
dissents and assigns reasons.
hit is now well settled in American jurisprudence that prosecutors may not discriminate against minorities in the use of peremptory challenges during jury selection. See, Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and its progeny. In 1998, defendant, Lawrence Jacobs was convicted of first degree murder and sentenced to death for the double murder of Della and Nelson Beaugh. On direct appeal, this court reversed the conviction and sentence, and remanded the case for a new trial after finding error in the trial court’s denial of two of defendant’s challenges for cause. State v. Jacobs, 99-1659 (La.6/29/01), 789 So.2d 1280. (Jacobs I).
At a second trial, the original indictment was amended, and defendant was found guilty of two counts of second degree murder, and sentenced to two consecutive sentences of life imprisonment. On appeal, the court found that the trial court erred in denying defendant’s Batson challenges, where the State used seven of eight peremptory challenges to strike six African Americans and one Hispanic venireman, from the pool of prospective jurors. The court of appeal set [2aside the convictions and sentences and remanded the case for a third trial. State v. Jacobs, 2007-887, (La.App. 5 Cir. 5/12/09), 13 So.3d 677. (Jacobs II).
The majority relies on a per curiam decision from the United States Supreme Court, Thaler v. Haynes, 559 U.S. -, 130 S.Ct. 1171, — L.Ed.2d- (2010), which is peculiar in its facts because voir dire was presided over by two different judges. One judge presided over questioning of prospective jurors and a second judge presided over the peremptory challenges and ruled on the prosecution’s proffered race-neutral reasons. This case simply presented an occasion to consider how Batson applies when different judges preside over two stages of the jury selection process.
When a court is faced, as here, with statistical evidence that a prosecutor has used peremptory strikes to exclude 100% of the minorities from the jury, and there is evidence in the record of disparate treatment of similarly situated white and black prospective jurors, we need not accept any proffered race-neutral reasons that emphasize demeanor, (nervousness, inattentiveness, etc.). The prosecutor’s discriminatory intent is evident from the record.